UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AQUAZZURA ITALIA SRL,<br><br>                    Plaintiff,<br>    v.<br><br>IVANKA TRUMP, IT COLLECTION LLC,<br>MARC FISHER HOLDINGS LLC, and<br>M.B. FISHER LLC,<br><br>                  Defendants. | Civil Action No.: 1:16-cv-04782 (KBF)<br><br>**DEFENDANT IVANKA TRUMP'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendant Ivanka Trump ("Defendant") for her answer and affirmative defenses to

Plaintiff Aquazzura Italia SRL's ("Plaintiff") Complaint for trade dress infringement, unfair

competition and deceptive trade practices (the "Complaint") hereby responds as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies that she has engaged in any acts

of infringement of Plaintiff's purported trade dress, unfair competition or deceptive trade

practices, and lacks knowledge or information sufficient to form a belief as to the truth of the

remainder of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3.      Defendant denies that Plaintiff has common law trade dress rights in the

configuration of the AQUAZZURA brand Wild Thing style shoe (the "Wild Thing Shoe"), and

lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4.      Defendant admits that the shoe pictured appears to be the IVANKA TRUMP brand Hettie style shoe (the "Hettie Shoe").  Defendant denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that Plaintiff complained to Ivanka Trump, IT Collection LLC and Marc Fisher Holdings LLC about the IVANKA TRUMP brand Necila style shoe and to IT Collection LLC and Marc Fisher Holdings LLC about the MARC FISHER brand Teagin style shoe (incorrectly identified by Plaintiff as the "Trump Teagin"), and denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits that M.B. Fisher LLC has filed suit against Plaintiff for a declaration of non-infringement regarding the MARC FISHER brand Teagin style shoe, and denies the remainder of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff is seeking the relief set forth in Paragraph 8 of the Complaint and denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

## THE PARTIES

9.      As to the first sentence in Paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits that she is a principal of IT Collection LLC, with an office at 725 5th Avenue, New York, New York 10022, and denies the remainder of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14.     Defendant admits that this Court has subject matter jurisdiction over Plaintiff's

Lanham Act claims.

15.     Defendant admits that this Court has supplemental jurisdiction over Plaintiff's

state law claims to the extent that this Court has subject matter jurisdiction over Plaintiff's

Lanham Act claims.

16.     Defendant admits that this Court has personal jurisdiction over Defendants Ivanka

Trump, IT Collection LLC, Marc Fisher Holdings LLC and M.B. Fisher LLC (collectively,

"Defendants"), that Defendants maintain an office in this district and that Defendants conduct,

transact and solicit business in this district, but denies the remainder of the allegations contained

in Paragraph 16 of the Complaint.

17.     Defendant admits that venue is proper in this district and that Defendants are

subject to personal jurisdiction in this district due to their voluntary transacting of business in

this district, but denies the remainder of the allegations contained in Paragraph 17 of the

Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the

same.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21.     Defendant admits that the IVANKA TRUMP brand Hettie Shoe is available at department stores, shoe boutiques and on websites, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the IVANKA TRUMP brand Hettie Shoe is available on polyvore.com, and therefore denies the same.  Defendant denies the remainder of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies that the Wild Thing Shoe has its own distinctive trade dress, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26.     Defendant denies that Defendants engaged in infringing activities, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that Ivanka Trump collaborated with Marc Fisher Holdings LLC in or around 2010 to launch a footwear brand, that IT Collection LLC and Marc Fisher Holdings LLC are involved in and responsible for the manufacture, importation, distribution and sale of IVANKA TRUMP branded shoes and that, in an interview with *Footwear News*, she stated that "[t]here's not a shoe I'm not intimately involved in designing."  Defendant denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits that IT Collection LLC and Marc Fisher Holdings LLC have imported, advertised, offered for sale and sold the Hettie Shoe in the United States, including in New York State and this judicial district, but denies the remainder of the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies that the Hettie Shoe is infringing, and admits the remainder of the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant admits that Exhibit A to the Complaint is a letter from Plaintiff's counsel to Defendants' counsel dated March 31, 2016 and respectfully refers the Court to its contents.  Defendant also admits that Marc Fisher Holdings LLC continued to sell the Hettie Shoe, but denies the remainder of the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

## FIRST CLAIM FOR RELIEF
### (Federal Trade Dress Infringement, 15 U.S.C. § 1125(a))

46.      Defendant repeats her responses contained in Paragraph 1 through Paragraph 45 above.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies the same.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition, 15 U.S.C. § 1125(a))

53.      Defendant repeats her responses contained in Paragraph 1 through Paragraph 52

above.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition Under New York Common Law)

57.     Defendant repeats her responses contained in Paragraph 1 through Paragraph 56

above.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Violation of the New York Deceptive and
### Unfair Trade Practices Act, N.Y. Gen. Bus. Law § 349)

63.     Defendant repeats her responses contained in Paragraph 1 through Paragraph 62

above.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

WHEREFORE, Defendant prays that this Court dismisses the action with prejudice in its entirety, orders that Plaintiff pay Defendant's reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69.     Plaintiff's claims are barred by acquiescence and/or estoppel.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief set forth in the Wherefore Clauses.

Dated: August 19, 2016                      Respectfully submitted,
       New York, New York

                                            MANATT, PHELPS & PHILLIPS, LLP

                                            By: _s/Darren W. Saunders_____

                                                Darren W. Saunders
                                                Samantha J. Katze
                                                7 Times Square
                                                New York, New York 10036
                                                Tel: (212) 790-4500
                                                Fax: (212) 790-4545
                                                dsaunders@manatt.com
                                                skatze@manatt.com

                                                *Attorneys for Defendants Ivanka Trump,*
                                                *IT Collection LLC, Marc Fisher*
                                                *Holdings LLC and M.B. Fisher LLC*