```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 10, 2017
```

# FROSS ZELNICK LEHRM...

Partners
Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
Allison Strickland Ricketts
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T. J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle
Karen Lim
Jason Jones

Senior Counsel
Janet L. Hoffman

Counsel
James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Tamar Niv Bessinger
Nancy C. DiConza

Associates
Leo Kittay
Todd Martin
Robin N. Baydurcan
Sherri N. Duitz
Amanda B. Agati
Jennifer Insley-Pruitt
Emily Weiss
Ashford Tucker
Erica Gould
Matthew Frisbee
Celadon Whitehurst
Hindy Dym
Katherine Lyon Dayton
Maritza C. Schaeffer
Jessica Vosgerchian

January 10, 2017

**BY ECF**

The Honorable Katherine B. Forrest
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Aquazzura Italia SRL v. Ivanka Trump et al.*, No. 16-cv-4782(KBF)
      (Our Ref.: AQUZ USA TC-1602071)

Dear Judge Forrest:

We represent Aquazzura Italia SRL in this action. We write pursuant to the Order dated December 5, 2016 to provide the Court with an update on the status of the pending application for a design patent covering the Wild Thing shoe design.

The United States Patent and Trademark Office has transmitted an Issue Notification indicating that the applied-for patent will issue as U.S. Design Patent No. D776409 on January 17, 2017. The Issue Notification is attached. Aquazzura expects to have the patent in hand on that day. Accordingly, based on the issue date set by the United States Patent & Trademark Office, Aquazzura respectfully requests leave from the Court to amend the Complaint to add a design patent claim by no later than January 18, 2017.

Though it is not required by Your Honor's December 5 Order that we consult with opposing counsel to ask whether he consents to this requested extension, we, nevertheless did. As we understand it, opposing counsel has conditioned his consent on our agreeing to expedited discovery on the patent claim, which he characterized as having fifteen days to answer written discovery on the issue. Given that discovery does not close until May 26th, and given that Defendant just asked for and received an extension of time to respond to Plaintiff's written discovery, this seems unnecessary to us, especially not having seen how much written discovery Defendant intends to serve on this issue. Therefore, as we understand it, this request is made without Defendant's consent.

We, of course, will be guided by the Court should it believe that expedited discovery is necessary in light of our client's planned amendment.

Respectfully submitted,

*/s/ John Margiotta*

John P. Margiotta

cc:   All Counsel via ECF

*Handwritten annotation:* Ordered. What is defendants' articulation of their position? Inform the Court by letter on ECF not later than 1/12/17. /KBF/ USDJ 1/10/17

{F2134819.1 }

866 United Nations Plaza at First Avenue & 48th Street | New York, New York 10017
Phone 212.813.5900 | Fax 212.813.5901 | www.frosszelnick.com