# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**Partners**
Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
Allison Strickland Ricketts
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T. J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle
Karen Lim
Jason Jones

**Senior Counsel**
Janet L. Hoffman

**Counsel**
James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**
Leo Kittay
Todd Martin
Sherri N. Duitz
Amanda B. Agati
Jennifer Insley-Pruitt
Emily Weiss
Ashford Tucker
Erica Gould
Matthew Frisbee
Celadon Whitehurst
Hindy Dym
Katherine Lyon Dayton
Maritza C. Schaeffer
Jessica Vosgerchian

June 21, 2017

**BY ECF**

The Honorable Katherine B. Forrest
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Aquazzura Italia SRL v. Ivanka Trump et al.*, No. 16-cv-4782(KBF)
        (Our Ref.: AQUZ USA TC-1602071)

Dear Judge Forrest:

We represent Plaintiff Aquazzura Italia SRL ("Aquazzura") in this action, and write in opposition to Defendants' motion for a protective order precluding the deposition of Ivanka Trump.

Aquazzura filed this suit on June 21, 2016 and named Ivanka Trump as an individual defendant.  Aquazzura sued Ms. Trump individually not only because the Hettie shoe that is the subject of this action bears her name, but because she has publicly stated as follows:  "Individually, I focus not only on brand position and the direction of any given collection, but also on the individual product.  I meet with all my partners separately to look at the execution and design [of each product category].  **There's not a shoe I'm not intimately involved in designing.**"  Jordan Saniuk, *Trump Towers: Ivanka's Shoe Line Makes Big Strides*, Footwear News (Aug. 20, 2012) (emphasis added).

During discovery, we have reviewed Ms. Trump's license with Marc Fisher Holdings LLC, the producer of the Hettie shoe.



(emphasis added).

A.      The Court Should Allow the Deposition of Ivanka Trump Under Rule 26

Given this factual background, Aquazzura submits that it should be allowed to question Ms. Trump under oath.  The purpose of the deposition is not for harassment, but because

The Honorable Katherine B. Forrest
June 21, 2017
Page 2

Ms. Trump possesses individual knowledge not only of what did or did not occur with regard to the shoes at issue, but of how she handles the supervision of her licensees generally, and what steps she takes to avoid licensees' intentional copying.

Case law makes clear that Aquazzura is entitled to take Ms. Trump's deposition. First, "[g]iven the broad scope of discovery in federal litigation, it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition." *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 09-CV-10392 (RMB)(KNF), 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010) (allowing deposition of shareholders of defendant) (citation and internal quotation marks omitted). Therefore, when considering whether to allow the deposition of a corporate executive, the Court must "begin with the proposition that plaintiffs have no burden to show that the deponents have any relevant knowledge." *In re Garlock*, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006). The Court also considers the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business. *See Treppel v. Biovail Corp.*, 03-CV-3002 (PKL)(JCF), 2006 WL 468314, at *1-2 (S.D.N.Y. Feb. 28, 2006); *see also Chevron Corp. v. Donziger*, 11-CV-0691 (LAK), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (allowing deposition of Chevron's CEO despite harassment concerns because there was "little doubt that [the CEO] has relevant knowledge," even if his knowledge was not necessarily unique). Even where, as here, a high-ranking corporate officer denies knowledge of the underlying facts, that claim is "subject to testing by the examining party." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (granting deposition of Chipotle CEO) (citation omitted). "A witness ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." *Kamps*, 2010 WL 5158183, at *3 (citation omitted).

Here, as set forth above, Ms. Trump has knowledge relevant to this dispute. Rather than produce Ms. Trump, though, Defendants have offered the current president of IT Collection LLC, Abigail Klem. But Ms. Klem cannot be substituted for Ms. Trump, particularly given that Ms. Trump admits in her own declaration submitted on this motion that she personally "approved the 'Hettie Shoe' as part of the season's line." Aquazzura is entitled to question Ms. Trump about this approval, her role in the process, the steps that she took in reviewing the shoe, and whether her public statements about being involved in all of her shoe designs are false. Ms. Klem, who was not even listed on Defendants' Rule 26(a)(1) disclosures, cannot be substituted as these issues all involve a personal defendant's personal involvement in the approval for sale of the shoe at issue. Aquazzura will be severely prejudiced in establishing a case against Ms. Trump unless it is allowed to question her on her role in the design and sale of the Hettie.

**B.     The "Exceptional Circumstances" Doctrine Has No Applicability Here**

Defendants also argue that Aquazzura should be denied the opportunity to examine Ms. Trump because she is a high ranking government official. But the cases cited by

The Honorable Katherine B. Forrest
June 21, 2017
Page 3

Defendants undercut their argument.  Defendants cite *U.S. v. Morgan*, 313 U.S. 409 (1941), and accurately describe its holding:  namely, that a high ranking government official should not – absent exceptional circumstances – be deposed regarding *the reasons for taking official action.  See id.*  But this case has nothing to do with "official actions" taken by Ms. Trump, and Aquazzura filed this suit long before Ms. Trump became a government official.  The *Morgan* doctrine is not designed to shield government officials from deposition related to personal dealings.  Indeed, President Clinton was deposed in the Paula Jones sexual harassment case while he was a sitting President of the United States, and Mayor Bloomberg was deposed in an employment discrimination suit against Bloomberg LP during his tenure as Mayor of New York City.

Defendants have not cited one case applying the *Morgan* doctrine outside the scope of a prohibition on deposing high government officials regarding their reasons for taking official action, and Aquazzura is not aware of any such case.  On the contrary, the two cases cited by Defendants both involved attempts to depose Mayor Giuliani while he was Mayor, one based on his handling of the child welfare department, and the other based on his government policies related to street artists.  Here, as noted above, Aquazzura does not seek to question Ms. Trump about any such official action.  Moreover, the position of "Assistant to the President" that Ms. Trump holds does not appear to be high ranking.  Ms. Trump does not describe her position as heading up an office, or supervising people.  In short, the *Morgan* doctrine has no applicability here.

Even were *Morgan* applicable, Aquazzura meets the two-prong test justifying Ms. Trump's deposition.  The deposition is necessary to obtain relevant information that cannot be obtained from any other source, as explained above, and the deposition would not significantly interfere with her ability to perform governmental duties.  The Court has already suggested that the deposition of Ms. Trump can be focused and quick, and Mr. Trump does not state in her declaration that such a deposition would interfere with her duties.  Counsel for Aquazzura is willing to travel to Washington, D.C. to minimize inconvenience, and further to limit the time of the deposition as the Court advises.

Aquazzura has no desire to harass Ms. Trump, but obtaining discovery from her is critical to understanding the review, approval, and design process between Ms. Trump and her licensee, and how it was followed and/or broke down in this case.  Ms. Trump has stated that she is intimately involved in every shoe design bearing her name, [REDACTED]

On this basis, we request that the Court permit Ms. Trump's deposition, time limited as the Court deems fit (we request two hours), in the place of Ms. Trump's choosing.

Respectfully submitted,

*/s/ John Margiotta*
John P. Margiotta

cc: All Counsel via ECF

{F2285828.3 }