```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  AQUAZZURA ITALIA SRL,                                       :
                                                              :
                              Plaintiff,                      :
                                                              :
                  -v-                                         :     16-cv-4782 (KBF)
                                                              :
  IVANKA TRUMP; IT COLLECTION LLC;                            :     ORDER
  MARC FISHER HOLDINGS LLC; and M.B.                          :
  FISHER LLC,                                                 :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 23, 2017

KATHERINE B. FORREST, District Judge:

Pursuant to the Court's order of June 13, 2017, defense counsel filed a motion for a protective order to prevent the deposition of individual defendant Ivanka Trump. (ECF Nos. 83, 84.) Having re-read the pleadings and arguments on this motion, and having considered the framing of the issues discussed during last week's conference, the Court is persuaded that the motion must be denied.

The Court has considered whether, given the obvious time constraints that Ms. Trump must currently have (and of which this Court can take judicial notice based upon her position in the Trump Administration), it is nonetheless true that she is alleged to have personal involvement in the events at issue in this lawsuit. Accordingly, she cannot avoid a deposition in this matter. Rule 26 allows for a deposition in just such circumstances. See, e.g., Scott v. Chipotle Mexican Grill, Inc., 306 F.R.D. 120, 122 (S.D.N.Y. 2015). It should be noted that this is not akin to

what sometimes occurs when a party notices a high-level executive of a company, such as a CEO, in order to burden the company unnecessarily, harass the executive, and thereby gain some tactical advantage. In such cases, unless the party can show that the executive has personal knowledge of a fact at issue in the lawsuit, courts (and this Court) will often grant protective orders. Here, however, the situation is alleged to be different. Here, the allegations are that the executive whose deposition is sought has high-level, authoritative, personal involvement.

The Court has also considered the declaration from Ms. Trump in connection with this motion. (Decl. of Ivanka Trump, ECF No. 84-1.) While that declaration does assert a lack of personal knowledge of the design at issue, plaintiff asserts otherwise. That is the stuff of which factual disputes in litigation are made. We are therefore left with a situation in which Ms. Trump's public statements regarding active and comprehensive brand management lead to a reasonable inference that the shoe at issue would not have been released without her approval. In such a situation, a deposition is appropriate.[1]

---

[1] Defense counsel's argument that United States v. Morgan and its progeny bar Ms. Trump's deposition is unpersuasive in the circumstances before the Court. See 313 U.S. 409, 422 (1941). An essential element of the Morgan doctrine is that the claims pertain to "administrative decisions" made in the deponent's capacity as a qualifying government official—here, they do not. KFC Nat'l Mgmt. Corp. v. NLRB, 497 F.2d 298, 305 (2d Cir. 1974); see also SEC v. Comm. on Ways & Means of the U.S. House of Representatives, 161 F. Supp. 3d 199, 250 (S.D.N.Y. 2015). Instead, the claims here pertain to events that occurred prior to Ms. Trump assuming a government position. See KFC Nat'l Mgmt. Corp., 497 F.2d at 305; cf. Clinton v. Jones, 520 U.S. 681, 703-06 (1997). Finally, even if Morgan did apply, Ms. Trump's personal approval authority and public statements regarding her personal involvement in her product lines would likely place her within the doctrine's well established exception for individuals with "unique, first-hand knowledge related to the litigated claims." Lederman v. N.Y.C. Dep't of Parks & Rec., 731 F.3d 199, 203 (2d Cir. 2013).

The Court is, however, persuaded that given Ms. Trump's competing professional obligations, the deposition must be limited to two hours, it must occur in Washington, D.C., if that is more convenient for Ms. Trump, and it should occur on a mutually acceptable schedule. As the Court cannot predict when Ms. Trump's obligations for the administration will allow her a two-hour block of time, the Court <u>sua sponte</u> extends the discovery schedule to the end of October 2017 solely for the purpose of allowing this deposition to occur. The dispositive motion schedule and trial schedule shall be adjusted accordingly.

SO ORDERED.

Dated:   New York, New York
         June 23, 2017

                                          _____
                                          KATHERINE B. FORREST
                                          United States District Judge